# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUAN LUCIANO MACHADO AMADIS<br>Jose Joaquin Puello 14, Villa Consuelo<br>Santo Domingo, Dominican Republic<br><br>    Plaintiff,<br><br>v.<br><br>DRUG ENFORCEMENT AGENCY<br>700 Army Navy Drive<br>Arlington, Virginia 22202<br><br>and<br><br>UNITED STATES DEPARTMENT OF STATE<br>2201 C Street, NW<br>Washington, DC 20500<br><br>and<br><br>FEDERAL BUREAU OF INVESTIGATION<br>935 Pennsylvania Avenue, NW<br>Washington, DC 20535<br>    Defendants. | Civil Action No. 16-cv-2230 |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

COMPLAINT

1

## I. INTRODUCTION

1. Plaintiff Juan Luciano Machado Amadis ("Plaintiff") hereby brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant United States Department of State ("State Department"), Defendant Drug Enforcement Agency ("DEA") and the Federal Bureau of Investigation ("FBI"). The State Department, DEA and FBI all failed to provide Plaintiff with all non-exempt records responsive to his FOIA requests, described herein. Plaintiff, through his attorney, made requests, seeking agency records involving Plaintiff and alleged involvement with American and Domincan Republic law enforcement, civil government and written records of these contacts with law enforcement.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. §552(a)(4)(B).

## IV. PARTIES

4. Plaintiff Juan Luciano Machado Amadis is an individual, at all times relevant herein, has resided in Santo Domingo, which is the capital city of the Dominican Republic. Plaintiff operates a small business in and around Santo Domingo under the business name Romaca SRL and his small business represents major air conditioning, ice making and electrical generator manufacturers. Among his installations include the Embassy of the United States of America in Santo Domingo, Dominican Republic. He has been so engaged in business for over 35 years and desires to have his good name cleared.

5. Defendants State Department, DEA and FBI are all federal agencies of the United States, and as such, are each subject to FOIA pursuant to 5 U.S.C. §552(f).

### V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. §552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA request that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA 5 U.S.C. § 552(a)(4)(A)(viii) states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this

subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively Exhausted their administrative remedies if the agency fails to comply with the applicable time Limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)C).

11. FOIA provides that any person who has not been provided the records Requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. §552(a)(4)(E).

**VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S DEA FOIA REQUEST CLAIM**

14. On or about July 28, 2016 Plaintiff's counsel sent a FOIA request to the DEA via First Class Mail and requested DEA records pertaining to Plaintiff.

15. On or about August 18, 2016 DEA received Plaintiff's FOIA request to DEA.

16. On or about September 2, 2016 the DEA sent Plaintiff's counsel stating that DEA received Plaintiff's July 28, 2016 request and assigned it FOIA Case Number 16-00541-P and stating that their search did not locate records.

17. On or about September 20, 2016, via the DEA's online website, Plaintiff's counsel appealed the decision of September 2, 2016 to not release records.

18. On or about September 21, 2016 the Office of Information Policy of the U.S. Department of Justice wrote Plaintiff's counsel a letter, stating that that office received Plaintiff's administrative appeal and assigned it DOJ-AP-2016-005483.

19. More than 20 days (excluding Federal holidays, Saturdays and Sundays has elapsed since Plaintiff's appeal was received by the Defendant DEA.

20. Defendant DEA has produced no non exempt responsive records relating to the FOIA request made by Plaintiff Juan Luciano Machado Amadis.

**VII. FACTUAL ALLEGATIONS FOR PLAINTIFF'S FBI FOIA REQUEST CLAIM**

21. On or about July 28, 2016 Plaintiff's counsel sent a FOIA request (via the delivery service DHL) to the FBI regarding all criminal or drug trafficking related crimes for Plaintiff.

22. On or about August 3, 2016 the FBI's personnel signed to receive Plaintiff's FOIA request.

23. In August, 2016 the FBI sent Plaintiff a letter, denying Plaintiff's request.

24. On or about September 22, 2016 Plaintiff's attorney sent a letter to the United States Department of Justice, constituting the administrative appeal.

COMPLAINT

25. On or about September 26, 2016 Plaintiff's delivery service delivered the Plaintiff's administrative appeal to the United States Department of Justice Office of Information Policy.

26. More than 20 days (excluding Federal holidays, Saturdays and Sundays has elapsed since the United States Department of Justice Office of Information Policy received Plaintiff's administrative appeal and no decision has been rendered.

27. Plaintiff has constructively exhausted his administrative remedies.

28. Defendant FBI has produced no non exempt responsive records relating to the FOIA request made by Plaintiff Juan Luciano Machado Amadis.

## VIII.   FACTUAL ALLEGATIONS FOR PLAINTIFF'S STATE DEPARTMENT FOIA REQUEST CLAIM

29. On or about July 27, 2016 Plaintiff's counsel sent a FOIA request to the State Department via First Class Mail and requested records pertaining to "alleged criminal activities that have led to his visa revocation/denial. His visa was denied under drug trafficking charges by the US Consulate in Santo Domingo."

30. On or about August 18, 2016 the State Department received Plaintiff's FOIA request.

31. More than 20 days (excluding Federal holidays, Saturdays and Sundays has elapsed since Plaintiff's FOIA request was received by the Defendant State Department.

32. Defendant State Department has produced no non exempt responsive records relating to the FOIA request made by Plaintiff Juan Luciano Machado Amadis.

## IX. CLAIM FOR RELIEF

### Violation of FOIA

33. Plaintiff realleges, as if fully set forth herein, paragraphs 1 - 32 as previously set forth in this Complaint.

34. Defendants State Department, FBI and DEA has violated FOIA by failing to provide Plaintiff with all non- exempt responsive records for his FOIA requests and by failing to failing to perform an adequate search for records responsive to these FOIA request in a manner reasonably calculated to locate all responsive records.

35. By failing to provide Plaintiff with all non-exempt responsive records to his FOIA requests described in paragraphs 1, 14, 22, and 29 above, and failing to perform an adequate search for responsive records, Defendants State Department, DEA and FBI have denied Plaintiff's right to records as provided by law.

36. Unless enjoined by this Court, Defendants State Department, DEA and FBI will continue to violate Plaintiff's legal right to be provided with copies of the records which he has requested in his FOIA requests described in paragraphs 1, 14, 22 and 29 above.

37. Plaintiff is directly and adversely affected and aggrieved by Defendants' failure to provide all responsive records to his FOIA requests described above.

38. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

39. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

## X. REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for Plaintiff providing the following relief:

1. Declare Defendants United States Department of State, Defendant Drug Enforcement Administration and Defendant Federal Bureau of Investigation have violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his FOIA Requests and by failing to perform adequate searches for responsive records to these FOIA Requests.

2. Direct by injunction Defendants United States Department of State, Defendant Drug Enforcement Administration and Defendant Federal Bureau of Investigation to provide Plaintiff

with all non-exempt responsive records to Plaintiff's FOIA requests.

3. Grant Plaintiff's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

4. Provide such other relief as the Court deems just and proper.

Dated this 9th day of November, 2016.

Respectfully submitted,

Daniel J. Stotter, # WI0015
Stotter & Associates LLC
408 SW Monroe Ste. M210E
Corvallis, OR 97333
(541)738-2601
dstotter@qwestoffice.net
Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (D.C. Bar Number 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Lead Attorney for Plaintiff