## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUAN LUCIANO MACHADO AMADIS | * | |
| Jose Joaquin Puello 14, Villa Consuelo | * | |
| Santo Domingo, Dominican Republic, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| DEPARTMENT OF JUSTICE | * | |
| 950 Pennsylvania Avenue, NW | * | Civil Action No. 1:16-cv-2230 (RJL) |
| Washington, DC  20530, | * | |
| | * | |
| and | * | |
| | * | |
| DEPARTMENT OF STATE | * | |
| 2201 C Street, NW | * | |
| Washington, DC  20520, | * | |
| | * | |
| Defendants. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>FIRST AMENDED COMPLAINT</u>

Plaintiff Juan Luciano Machado Amadis ("Machado Amadis") brings this action against Defendants Department of Justice and Department of State pursuant to the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*, *as amended* ("FOIA"), the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the All Writs Act, 28 U.S.C. § 1651.

## <u>JURISDICTION</u>

1.      This Court has both subject matter jurisdiction over this action and personal jurisdiction over Defendants pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

Ex. A

## VENUE

2.      Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3.      Plaintiff Juan Luciano Machado Amadis ("Machado Amadis") is a citizen of the Dominican Republic and is a resident of Santo Domingo, DR.

4.      Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Machado Amadis which are the subject of this action.

5.      The Drug Enforcement Administration ("DEA"), Federal Bureau of Investigation ("FBI"), and Office of Information Policy ("OIP") are DOJ components.

6.      Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552(e), and is in possession and/or control of the records requested by Machado Amadis which are the subject of this action.

### *PART I: FIRST SET OF PERSONAL REQUESTS*

### FIRST CAUSE OF ACTION

### (DEA – RECORDS DENIAL – 16-00541-P)

7.      Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

8.      On 28 July 2016, Machado Amadis submitted to DEA a FOIA request for records about himself and State's 19 March 1990 denial of his visa application ("Visa Denial") based on the allegation,  "According to information available to the Department of State, [he] was arrested December 10, 1980, at the Santo Domingo Airport at which time 125 grams of cocaine was confiscated from his luggage" ("1st DEA Request") and included a copy of the Visa Denial.

9.      On 2 September 2016, DEA acknowledged receipt of this request and assigned it Request No. 16-00541-P.  DEA stated that it had not identified any responsive records.  It specified, "To query for responsive records, we searched the DEA Investigative Reporting, and Filing System (IRFS).  IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement.  DEA retrieves investigative information about an individual, an operation or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System (NADDIS).  Individuals are indexed, identified, and retrieved through NADDIS using their name, Social Security Number, address and/or date of birth."

10.     On 21 September 2016, Machado Amadis appealed the adequacy of DEA's search to OIP, which it assigned Appeal No. DOJ-AP-2016-005483.

11.     On 9 November 2016, Machado Amadis filed this action, having exhausted all his administrative remedies.

12.     On 29 December 2016, OIP closed its appeal due to this litigation.

13.     Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DEA of said right.

## SECOND CAUSE OF ACTION

### (FBI – RECORDS DENIAL – 1355450-000)

14.     Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

15.     On 28 July 2016, Machado Amadis submitted to FBI a FOIA request for "[i]nformation regarding any/all criminal and/or drug trafficking related crimes for [himself]" ("1st FBI Request") and included a copy of the Visa Denial for reference.

16.     On 10 August 2016, FBI acknowledged receipt of this request and assigned it Request No. 1355450-000.  FBI stated that it had not identified any responsive records.  It specified, "Based on the information you provided, we conducted a search of the Central Records System.  We were unable to identify main file records responsive to the FOIA.  If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search."

17.     Machado Amadis did not provide FBI with additional information in response to FBI's offer to conduct an additional search.

18.     On 22 September 2016, Machado Amadis appealed the adequacy of FBI's search to OIP, which it assigned Appeal No. DOJ-AP-2016-005644.

19.     On 13 October 2016, OIP denied this appeal.

20.     Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## THIRD CAUSE OF ACTION

## (STATE – RECORDS DENIAL – F-2016-10536)

21.     Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

22.     On 27 July 2016, Machado Amadis submitted to State a FOIA request for "[r]ecords regarding alleged criminal activities that have led to his visa revocation/denial" ("1st State Request") and included a copy of the Visa Denial and other relevant paperwork for reference.

23.     On 29 August 2016, State acknowledged receipt of this request and assigned it Request No. F-2016-10536.

4

24.    On 9 November 2016, Machado Amadis filed this action, having exhausted all his administrative remedies.

25.    On 3 February 2017, State informed Machado Amadis during this litigation that it had identified and reviewed 53 responsive records.  It released 32 records in full and 9 with redactions and withheld 12 records in full.

26.    On 8 May 2017, State filed a *Vaughn* index ("State *Vaughn* Index") in this case to justify its withholdings.

27.    Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

### PART II: SECOND SET OF PERSONAL REQUESTS

### FOURTH CAUSE OF ACTION

### (DEA – CONSTRUCTIVE RECORDS DENIAL – 17-00384-P)

28.    Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

29.    On 15 May 2017, Machado Amadis submitted to DEA, through undersigned counsel, a second FOIA request for "all records, including emails, about him."  He included a copy of the State *Vaughn* Index and explained:

> For assistance locating the appropriate office or records custodian, I have attached a *Vaughn* index filed in the case *Machado Amadis v. DEA*, No. 16-2230 (D.D.C.), on behalf of the Department of State ("State"), which states on page 3 that the Bureau of Consular Affairs "and the DEA compiled this document for the law enforcement purpose of determining visa eligibility and enforcing U.S. immigration laws" and that a particular DEA agent, whose name was withheld from the *Vaughn* index, was named in the document in question, which was dated 20 January 2010.  Assistant United States Attorney Johnny Walker and State's Director of the Office of Information Programs and Services Eric Stein both have personal knowledge of this document and can provide DEA with all the information it will need to identify this record and this agent and follow that lead to find other records about my client.  Furthermore, DEA should already have

been consulted about this document during State's processing of it as part of its Request No. F-2016-10536, so a copy may already be maintained in the SARF.

30.    Regarding the scope of DEA's search, Machado Amadis added:

You may not limit this request to "investigative records maintained by DEA" or to records located in the IRFS or NADDIS systems.  This is a request for all records, investigative or otherwise, in IRFS/NADDIS or otherwise, about my client which can be located following the clear lead presented by the attached *Vaughn* index.  My client stipulates that you do not need to conduct an agency-wide search for records about him and may base your search strategy on the information in the *Vaughn* index and the document it describes, following any leads which develop from there.  You should also consider records about any consultation between State and DEA regarding the document described in the *Vaughn* index to be responsive to this request.

31.    On 8 June 2017, DEA acknowledged receipt of this request and assigned it

Request No. 17-00384-P.  DEA stated:

Your most recent letter is construed as a second attempt to request DEA records related to your client, Juan Luciano Machado Amadis.  As a result of your most recent letter and based upon all available information that you submitted regarding your client, SARF conducted a search for responsive records pertaining to your client.    To search for responsive records, we queried the DEA Investigative Reporting, and Filing System (IRFS).  IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes.  DEA retrieves investigative information about an individual, an operation or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System (NADDIS).    Individuals are indexed, identified, and retrieved through NADDIS using their name, Social Security Number, address and/or date of birth.

32.    DEA added:

If you are confident that DEA maintains records pertaining to your client, you could assist us in locating records by providing any additional search criteria such as other names and/or aliases used by your client, any alternative dates of births, any additional Social Security Number(s) used by your client, as well as any different spelling of your client's name (please submit the complete names used, including middle names) and/or a specific DEA investigative file number and/or a specific event that DEA participated in connection with your client.  If you provide additional search criteria, we will initiate a second search for any DEA records pertaining to your client.

33.      On 28 June 2017, in response to DEA's offer to conduct an additional search, Machado Amadis' undersigned counsel emailed DEA, stating, "As requested, I am now providing his Permanent Resident Card No. A031399406 from when he was a Lawful Permanent Resident, and I draw your attention to the fact that I specifically indicated in the request letter the 'specific event that the DEA participated in [in] connection with' my client, namely, that ''DEA compiled [a specific] document for the law enforcement purpose of determining visa eligibility and enforcing U.S. immigration laws' and that a particular DEA agent, whose name was withheld from the *Vaughn* index, was named in the document in question, which was dated 20 January 2010' and pointed you in the direction of individuals who would have more information about that, and that I specifically stated that you were not to limit your search to records located in the IRFS.  Accordingly, please perform the agreed-upon second search and look in all locations and systems likely to maintain records of this nature, rather than simply searching the IRFS as you previously did."

34.      As of this writing, DEA has not issued a final response to this request.

35.      Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DEA of said right.

### FIFTH CAUSE OF ACTION

### (FBI – RECORDS DENIAL – 1374278-000)

36.      Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

37.      On 15 May 2017, Machado Amadis submitted to FBI, through undersigned counsel, a second FOIA request for "all records, including emails and cross-references, about him."  He included a copy of the State *Vaughn* Index and explained:

For assistance locating the appropriate office or records custodian, I have attached a *Vaughn* index filed in the case *Machado Amadis v. DEA*, No. 16-2230 (D.D.C.), on behalf of the Department of State ("State"), which states on page 2 that FBI conducted a fingerprint screening at State's request and informed State of the results on 21 September 2009. Assistant United States Attorney Johnny Walker and State's Director of the Office of Information Programs and Services Eric Stein both have personal knowledge of this document and can provide FBI with all the information it will need to identify this record and follow that lead to find other records about my client. Furthermore, FBI should already have been consulted about this document during State's processing of it as part of its Request No. F-2016-10536, so a copy may already be maintained in RIDS.

38.    Regarding the scope of FBI's search, Machado Amadis added:

You may not limit this request to "main file records" or to records located in the CRS. This is a request for all records, investigative or otherwise, in the CRS or otherwise, about my client which can be located following the clear lead presented by the attached *Vaughn* index. My client stipulates that you do not need to conduct an agency-wide search for records about him and may base your search strategy on the information in the *Vaughn* index and the document it describes, following any leads which develop from there. You should also consider records about any consultation between State and FBI regarding the document described in the *Vaughn* index to be responsive to this request.

39.    On 31 May 2017, FBI acknowledged receipt of this request and assigned it Request No. 1374278-000.

40.    On 12 June 2017, FBI informed Machado Amadis that it had not identified any responsive records. As it had previously, FBI specified, "Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search."

41.    On 28 June 2017, in response to FBI's offer to conduct an additional search, Machado Amadis' undersigned counsel emailed FBI, stating, "As requested, I am now providing his Permanent Resident Card No. A031399406 from when he was a Lawful Permanent Resident,

and I draw your attention to the fact that I specifically indicated in the request letter why FBI would have responsive records, namely, that 'FBI conducted a fingerprint screening at State's request and informed State of the results on 21 September 2009' and pointed you in the direction of individuals who would have more information about that, and that I specifically stated that you were not to limit your search to main file records or to records located in the CRS. Accordingly, please perform the agreed-upon additional search and look in all locations and systems likely to maintain records of this nature, rather than simply searching the CRS as you previously did."

42.     On 30 June 2017, FBI responded, "You will need to submit a new request for an additional search related to this request based upon the information provided below."

43.     On 7 July 2017, Machado Amadis' undersigned counsel responded, "Respectfully, that is not what your letter stated, and your refusal to conduct a second search is not proper under these circumstances.  Your letter clearly stated that we could 'provide [you] the details and [you] will conduct an additional search.'  Please conduct the additional search your letter promised."

44.     As of this writing, FBI has not issued a final response to this request.

45.     Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## PART III: REQUESTS FOR PROCESSING RECORDS

## SIXTH CAUSE OF ACTION

### (DEA – RECORDS DENIAL – 17-00383-P)

46.     Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

47.    On 15 May 2017, Machado Amadis submitted to DEA, through undersigned counsel, a FOIA request for "all records, including emails, memorializing or describing the processing of" the 1st DEA Request. He stipulated that DEA may limit its search to records created before 9 November 2016 and asked it to exclude any correspondence exchanged with any attorney representing him.

48.    On 19 May 2017, DEA acknowledged receipt of this request and assigned it Request No. 17-00383-P.

49.    On 2 June 2017, DEA informed Machado Amadis that it had identified 12 pages of responsive records, which it released. DEA only released correspondence it exchanged with Machado Amadis' counsel Karina Perez.

50.    On 3 June 2017, Machado Amadis appealed the adequacy of DEA's search to OIP, which it assigned Appeal No. DOJ-AP-2017-004468.

51.    As of this writing, OIP has not issued a final response to this appeal.

52.    Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DEA of said right.

## SEVENTH CAUSE OF ACTION

## (FBI – RECORDS DENIAL – 1374274-000)

53.    Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

54.    On 15 May 2017, Machado Amadis submitted to FBI, through undersigned counsel, a FOIA request for "all records, including emails and search slips, memorializing or describing the processing of" the 1st FBI Request. He stipulated that FBI may limit its search to

records created before 9 November 2016 and asked it to exclude any correspondence exchanged with any attorney representing him.

55.     On 31 May 2017, FBI acknowledged receipt of this request and assigned it Request No. 1374274-000.

56.     On 6 June 2017, FBI informed Machado Amadis that "[r]ecords responsive to [his] request were reviewed and withheld pursuant to Title 5, U.S. Code, Section 552 subsections (b)(5) and (b)(7)(E)."  It did not provide any indication of how many records were withheld, or in fact indicate that it had even performed a segregability analysis or line-by-line review.

57.     On 9 June 2017, Machado Amadis appealed FBI's determination to OIP, which it assigned Appeal No. DOJ-AP-2017-004577.

58.     As of this writing, OIP has not issued a final response to this appeal.

59.     Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by FBI of said right.

## EIGHTH CAUSE OF ACTION

## (OIP – CONSTRUCTIVE RECORDS DENIAL – DOJ-2017-004087)

60.     Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

61.     On 15 May 2017, Machado Amadis submitted to OIP, through undersigned counsel, a FOIA request for "all records, including emails, memorializing or describing the processing of" his previous appeals of the 1st DEA Request and 1st FBI Request.  He stipulated that OIP may limit its search to records created before 9 November 2016 and asked it to exclude any correspondence exchanged with any attorney representing him.

62.    On 15 May 2017, OIP acknowledged receipt of this request and assigned it Request No. DOJ-2017-004087.

63.    As of this writing, OIP has not issued a final response to this request.

64.    Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by OIP of said right.

## NINTH CAUSE OF ACTION

### (STATE – CONSTRUCTIVE RECORDS DENIAL – F-2017-12067)

65.    Machado Amadis repeats and realleges the allegations contained in all paragraphs set forth above.

66.    On 15 May 2017, Machado Amadis submitted to State, through undersigned counsel, a FOIA request for "all records, including emails, memorializing or describing the processing of" the 1st State Request.  He stipulated that State may limit its search to records created before its FOIA office was notified that he had filed this litigation and asked it to exclude any correspondence exchanged with any attorney representing him and any records responsive to the original request.

67.    On 22 May 2017, State acknowledged receipt of this request and assigned it Request No. F-2017-12067.

68.    As of this writing, State has not issued a final response to this request.

69.    Machado Amadis has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Juan Luciano Machado Amadis prays that this Court:

12

(1)     Order the Department of Department of Justice and Department of State to release all requested records to him;

(2)     Order preliminary and permanent injunctive and/or declaratory relief as may be appropriate;

(3)     Award reasonable costs and attorneys' fees as provided in 5 U.S.C. § 552(a)(4)(E), 28 U.S.C. § 2412(d), or any other applicable law;

(4)     Expedite this action in every way pursuant to 28 U.S.C. § 1657(a); and

(5)     Grant such other relief as the Court may deem just and proper.

Date:   July 7, 2017

Respectfully submitted,


/s/ Kelly B. McClanahan
Kelly B. McClanahan, Esq.
D.C. Bar #984704
National Security Counselors
4702 Levada Terrace
Rockville, MD  20853
301-728-5908
240-681-2189 fax
Kel@NationalSecurityLaw.org

*Counsel for Plaintiff*

13