# Exhibit 4 –

# Declaration of Vanessa R. Brinkman
(U.S. Department of Justice -
Office of Information Policy)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                        )
JUAN LUCIANO MACHADO AMADIS,   )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )        Civil Action No. 1:16-cv-02230 (TNM)
                                        )
DEPARTMENT OF JUSTICE, *et al*.         )
                                        )
        Defendants.                     )
_____)

## DECLARATION OF VANESSA R. BRINKMANN

I, Vanessa R. Brinkmann, declare the following to be true and correct:

1.  I am Senior Counsel in the Office of Information Policy (OIP), United States Department of Justice ("DOJ").  In this capacity, I am responsible for supervising the handling of the Freedom of Information Act (FOIA) requests processed by the Initial Request Staff (IR Staff) of OIP.  The IR Staff of OIP is responsible for processing FOIA requests seeking records from within OIP and from six senior leadership offices of the Department of Justice, specifically the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).

2.  The IR Staff determines whether records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice, as well as with other Executive Branch agencies.

3.   I make the statements herein on the basis of personal knowledge, as well as information acquired by me in the course of performing my official duties.

1

## Plaintiff's Initial FOIA Request to OIP

4.   On May 15, 2017, plaintiff submitted a FOIA request to OIP ("OIP Request"), through OIP's electronic FOIA submission and tracking system, seeking "all records, including emails, memorializing or describing the processing of plaintiff's previous FOIA Appeal Nos. DOJ-AP-2016-005483 and DOJ-AP-2016-005644."  Plaintiff limited the request to "records created before 9 November 2016."  OIP received this FOIA request on May 15, 2017.  A copy of this FOIA Request is attached hereto as **Exhibit A**.[1]

5.   On May 15, 2017, OIP's electronic system automatically acknowledged receipt of plaintiff's request, and provided the administrative tracking number DOJ-2017-004087.

6.   On January 25, 2018, the Court docketed plaintiff's Amended Complaint, adding OIP as a Defendant in the FOIA litigation *Amadis v. DOJ, et al.*, Case No: 1:16-cv-2230.

## OIP's Final Response to Plaintiff's FOIA Request

7.   By letter dated March 7, 2018, OIP provided its final response to plaintiff.  Pursuant to this response, OIP informed plaintiff that four pages responsive to his request were located during the course of the search conducted by OIP.  OIP informed plaintiff that these four pages were appropriate for release with excisions made pursuant to Exemptions 5 and 6 of the FOIA, 5 U.S.C. § 552(b)(5), (b)(6).  Exemption 5 pertains to certain inter- and intra-agency communications protected by the deliberative process and attorney work-product privileges. Exemption 6 pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of third parties.  Copies of the four partially withheld pages of

---

[1] Although Plaintiff's FOIA request was submitted on May 15, 2017, the letter containing the request is dated May 16, 2017.

records (the "Production") were enclosed with OIP's final response.  A copy of OIP's final

response letter, dated March 7, 2018 is attached hereto as **Exhibit B**.

**Adequacy of OIP's Records Searches**

8.   Pursuant to an April 12, 2018 email with Defendant's counsel, plaintiff is not

challenging the adequacy of OIP's search for records.  As such, this declaration does not address

OIP's records searches.

**Explanation of Withheld Material**

9.   The four pages comprising the Production consist of two individual records that

contain redactions made pursuant to Exemptions 5 and 6 of the FOIA.  Both records are "Blitz

Forms" (one each for Appeal Nos. AP-2016-005483 and AP-2016-005644) that were created by

OIP Administrative Appeals staff attorneys[2] during the course of adjudicating plaintiff's

administrative appeals.

10.  As detailed below, the limited redactions made pursuant to FOIA Exemption 5 in

these two records consist of notations made by OIP attorneys who were assigned to these

administrative appeals.  These notations reflect the attorneys' legal work-product and

recommendations to relevant decisionmakers as they evaluated the DEA's and FBI's initial

FOIA determinations and contemplated appropriate responses to plaintiff's administrative

appeals.  These notations were made in reasonable anticipation of litigation and are predecisional

and deliberative in nature.  As such, and as described in detail below, these attorney notations

have been withheld from disclosure pursuant to both the attorney work-product and deliberative

process privileges encompassed by FOIA Exemption 5.  Additionally, one of these records

---

[2] The Initial Request Staff and the Administrative Appeals Staff of OIP are two separate and
distinct units in OIP, which are discussed in detail below.

3

contains a redaction pursuant to FOIA Exemption 6, to protect the privacy of a Federal Bureau of Investigation ("FBI") employee.[3]

## Exemption 5 of the FOIA

11.  Exemption 5 of the FOIA exempts from mandatory disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency."  5 U.S.C. § 552(b)(5).  OIP protected attorney notations within two records pursuant to FOIA Exemption 5, inasmuch as these records fall squarely within the attorney work-product and deliberative process privileges.  Each of these privileges will be discussed in turn.

## Exemption 5: Inter-/Intra-Agency Threshold

12.  The information withheld from plaintiff pursuant to Exemption 5 consists of notations made by Administrative Appeals staff attorneys within OIP, a component of the Department of Justice.  These notations were made during the course of OIP Administrative Appeals staff review of Drug Enforcement Administration ("DEA") and FBI FOIA appeals, and remained wholly internal to OIP.  As such, they are "intra-agency" records within the threshold of FOIA Exemption 5.

## Exemption 5: Attorney Work-Product Privilege

13.  The attorney work-product privilege encompassed by Exemption 5 of the FOIA shields materials prepared by an attorney or at the direction of an attorney, generated in reasonable anticipation of litigation.  5 U.S.C. § 552(b)(5).  The privilege protects any part of a document prepared in anticipation of litigation, not just the portions concerning opinions and

---

[3] Although OIP initially protected the name of another employee, on April 25, 2018, OIP, through counsel, issued a revised release to plaintiff's counsel, removing the redaction to the other employee's name.

legal theories.  The purpose of this privilege is to protect the adversarial process by insulating

materials created by attorneys in reasonable anticipation of litigation from scrutiny.

14.  As an initial matter, all of the information protected pursuant to the attorney

work-product privilege was created by DOJ attorneys as part of the administrative appeal review

process.  Under the FOIA's administrative appeals provision, a FOIA requester has the right to

appeal any adverse determination[4] an agency makes on his or her appeal.  See 5 U.S.C.

§ 552(a)(6)(A).  The administrative appeals process is a critical function which provides agencies

with an additional opportunity to review their initial action taken in response to a request to

determine whether corrective steps are necessary.  See, e.g., Wilber v. CIA, 355 F.3d. 675, 677

(D.C. Cir. 2004).  An administrative appeal decision upholding an adverse determination must

notify the requester/appellant of the FOIA's provisions for judicial review of that determination

in federal district court.  See 5 U.S.C. § 552(a)(6)(A)(ii).  Moreover, requesters are generally

required to file an administrative appeal before filing suit.  See, e.g., Hidalgo v. FBI, 344 F.3d.

1256, 1258 (D.C. Cir. 2003).

15.  The administrative appeals process for the Department of Justice is centralized,

and a team of specialized career attorneys comprise the Administrative Appeals Staff of OIP,

which is responsible for adjudicating administrative appeals on behalf of DOJ components.  In

this capacity, these Administrative Appeals attorneys are responsible for reviewing adverse

FOIA determinations made by DOJ components, including DEA and the FBI, upon receipt of a

properly made appeal from a FOIA requester.  Inasmuch as this appeals process bridges the gap

between an initial adverse determination by a component, and the filing of a civil lawsuit in

---

[4] Adverse determinations may include denials of records in full or in part, "no records"
responses, denials of fee waiver matters and denials of expedited processing.  See DOJ FOIA
Regulations, 28 C.F.R. § 16.6(d) (2017).

federal district court, the administrative appeals process is a critical opportunity for the DOJ –
through the work of OIP's Administrative Appeals attorneys – to review its handling of a given
FOIA request before having to defend that handling in the courts.  As the final step before
litigation ensues, the administrative appeals process therefore ensures that the Department is in
its best litigating position on FOIA matters where adverse determinations are affirmed on appeal
and, alternatively, that FOIA determinations that result in remand to DOJ components do not
result in unnecessary or premature litigation.  The administrative appeals process further ensures
that the DOJ compiles an adequate record for judicial review, should litigation ensue.

16.  During the course of adjudicating administrative appeals, Administrative Appeals
Staff attorneys gather background information from components regarding their handling of the
subject FOIA request at the initial level; review and evaluate the initial component
determinations in light of FOIA requesters/appellants' challenges to the components' handling of
their requests; conduct legal analysis of these determinations; assess the merits of each appeal in
light of pertinent facts, applicable law, regulations, judicial precedent and policy; and render
recommendations to reviewing attorneys based on their legal assessments while also engaging in
back-and-forth dialogue with their DOJ colleagues throughout this process.  This comprehensive
legal review then results in a final appeal determination which is provided to the
requester/appellant.

17.  As noted above, plaintiff's FOIA request sought records related to the adjudication of
two administrative appeals:  Appeal No. AP-2016-005483 and Appeal No. AP-2016-005644.
Appeal No. AP-2016-005483 corresponds to Plaintiff's appeal of an adverse determination made
by the DEA in response to DEA FOIA Request No. 16-00541-P, which is the subject of Count I
of Plaintiff's Amended Complaint (Doc. No. 15).  Appeal No. AP-2016-005644 corresponds to

Plaintiff's appeal of the adverse determination made by the FBI in response to FBI FOIA

Request No. 1355450-000, which is the subject of Count II of Plaintiff's Amended Complaint

(Count II).

18.  These administrative appeals, in turn, stemmed from two adverse determinations

made by DEA and the FBI (all of which, significantly, are or were subject to the instant

litigation).  Specifically at issue are partial redactions made by OIP to two records which were

located in these respective appeal files.  All of the information protected by OIP, pursuant to

Exemption 5, within the two records at issue is protected pursuant to the attorney work-product

privilege.  This information consists of attorneys' notations contained in Blitz Forms, which

reflect evaluations, analysis, recommendations, and discussions in contemplation of the

adjudication of administrative appeals.[5]  Appeals Staff attorneys prepare Blitz Forms to

succinctly summarize the initial search and response to the FOIA request at issue in the

administrative appeal, identify important issues to be taken into account during the course of the

adjudication process, and provide key background information in a concise, summary format for

ease of understanding and presentation to reviewing senior OIP attorneys.  They then document

their analysis of the merits of each appeal, flag questions or issues for further consideration, and

ultimately provide recommendations to senior reviewing attorneys on proposed handling of the

appeal.  Often, senior reviewing attorneys will then provide their own notes or questions in a

back-and-forth dialogue leading up to the final adjudication of these appeals.  As such, the

attorney notations made on Blitz Forms and elsewhere in an appeal file reveal the very core of

---

[5] It is worth noting that only the portions of the Blitz Forms which reveal attorneys' thought-process during the appeal adjudication have been protected.  Other information in these records, including administrative and logistical information regarding the initial request and appeal, and summaries of arguments presented on appeal, have been released to plaintiff.

the DOJ's review of adverse FOIA determinations at this pre-litigation stage, and release of this information would directly undermine the Department of Justice's litigating position should the underlying FOIA determinations become the subject of litigation.

19.   Emblematically, the FOIA determinations underlying the administrative appeal notes being sought by plaintiff were subject to this litigation -- the instant litigation, which challenges OIP's protection of attorneys' appellate review notes, also previously challenged DEA and FBI's FOIA determinations that were the subject of those notes.[6]  Certainly, providing plaintiff with the Department of Justice's legal assessments on the merits of these component's actions currently before the Court would undermine the adversarial process that the attorney work-product privilege is meant to protect, by substantially impacting the DOJ's ability to now defend those actions before the court.

20.   OIP Administrative Appeals Staff attorneys review appeals in light of FOIA judicial precedent, law, regulations, and policy and identify issues that present litigation risk.  As part of this process, OIP attorneys contemplate remands or modifications to components' initial-level determinations when they determine that such alterations are warranted to minimize such litigation risk and/or to adequately amend or develop the administrative record that may ultimately appear before the court.  The appeals process is viewed as a means to ensure that the DOJ is in the best position possible if and when its actions must be defended in court.  OIP attorneys adjudicate appeals with this ultimate goal in mind, and are cognizant that litigation is the next recourse should requesters remain dissatisfied with the DOJ's response.

21.   Blitz Forms and other attorney notations evaluate, assess, and analyze issues identified by OIP on appeal, and provide recommendations and document discussions among

---

[6] Plaintiff has since agreed to dismiss those two counts of the complaint against DEA and FBI.

attorneys regarding the resolution of issues identified on appeal.  Even when no such issues are

identified, and/or an appeal is ultimately affirmed, the process by which OIP attorneys evaluate a

given appeal -- including discussion of particular selected facts, the significance or weight

afforded to such facts, the nature of questions or concerns that are raised by attorneys during

their review, and discussions revealing how FOIA's legal framework play into the substantive

and strategic thinking of these attorneys as they evaluate the record before them -- are uniquely

revelatory of the DOJ's strategic thinking on adverse FOIA determinations that are ripe for

litigation.  Disclosure of the redacted portions in the Blitz Forms at issue would reveal

Administrative Appeals Staff attorneys' evaluations of facts and assessments of potential legal

risk and strategy to FOIA requesters who may themselves become FOIA plaintiffs, as is evident

in this case.

## Segregation of Non-Exempt Information

22.   OIP carefully reviewed the portions of the two records in the Production, totaling

four pages, which were withheld pursuant to the attorney work-product privilege and determined

that none of this material could be further segregated for release.  The disclosure of these legal

notations and the facts selected for and contained within them would undermine the core legal

strategy and analysis that the privilege is meant to protect by revealing Administrative Appeals

Staff attorneys' assessments of what was deemed significant in the course of determining the

adjudication of administrative appeals.  The records withheld in part from plaintiff have been

segregated to the extent that some portions of these records did not directly relate to the

Administrative Appeals Staff attorneys' work-product regarding adjudication of administrative

appeals but *were* appropriate for segregation and redaction under the deliberative process

privilege.  The remainder of these records is covered by the attorney work-product privilege and, accordingly, is not appropriate for segregation.

## Exemption 5: Deliberative Process Privilege[7]

23.  In addition to being protected by the attorney work-product privilege, portions of the attorney notations protected by OIP are also exempt from disclosure pursuant to the deliberative process privilege, inasmuch as these notations include preliminary assessments by attorneys about administrative appeal issues on which they have been asked to make recommendations and give advice.  Blitz Forms and related notes consist of legal analysis and recommendations made by Administrative Appeals Staff attorneys in contemplation of the adjudication of administrative appeals.  As stated above, Appeals Staff attorneys prepare Blitz Forms to succinctly summarize the initial search and response to the administrative appeal at issue, identify important issues to be taken into account during the course of the adjudication process, and provide key background information in a concise format for ease of understanding and presentation to reviewing senior OIP attorneys.

24.  Throughout this process, the authors necessarily review the universe of facts and possible issues arising during the adjudication process of the administrative appeal at hand, and then select those facts and issues that they deem most appropriate for informing senior OIP attorneys who will make the final decision on the appeal.  The decision to include or exclude certain factual information in or from analytical documents is itself an important part of the deliberative process.  OIP's senior Administrative Appeals Staff attorneys rely heavily on the

---

[7] It is important to note that redactions made in Blitz Forms pursuant to Exemption 5, deliberative process privilege, similar to those that are subject to plaintiff's challenge in this litigation, have been upheld and affirmed in this Court.  *See Shapiro v. DOJ*, No. 1:16-cv-01399 (D.D.C.).

creation of such Blitz Forms so that they can be fully informed on the substance of the many

legal and policy issues being examined in each administrative appeal.

25.   Attorney notations in the Blitz Forms such as these reflect the authors' opinions and

analysis and reveal the internal deliberations of the OIP Appeals Staff as they evaluate the merits

of each appeal, and whether to affirm or remand a component's initial decision on the FOIA

request at issue.  In all of these instances, the protected information reveals Appeals Staff

attorneys' developing, preliminary assessments about matters on which no final decision has yet

been made.  Indeed, all of the redactions made by OIP pursuant to the deliberative process

privilege protect line attorneys' evaluations, recommendations, discussions, and analysis which

are prepared for senior-level review and decisionmaking.  These "up the chain"

recommendations are precisely the sort of predecisional deliberations the deliberative process

privilege is intended to protect.

26.   The deliberative process privilege is intended to protect the decisionmaking

processes of government agencies from public scrutiny in order to enhance the quality of agency

decisions. Disclosure of the information at issue would severely hamper the efficient day-to-day

workings of the Administrative Appeals Staff attorneys, who would no longer feel free to

candidly discuss their ideas, strategies, and recommendations in Blitz Forms.  This lack of

candor will seriously impair the Administrative Appeals Staff's ability to foster the forthright

internal discussions necessary for efficient and proper adjudication of administrative appeals.

Certainly, disclosure of such preliminary assessments and opinions would make Administrative

Appeals Staff attorneys contributing to pre-decisional deliberations much more circumspect in

providing their frank and unfiltered views.  Agency decisionmaking is at its best when

11

employees are able to focus on the substance of their views and not on whether their views may at some point be made publicly available.

## Segregation of Non-Exempt Information

27.  OIP carefully reviewed each of the two records discussed above, and withheld from release pursuant to the deliberative process privilege of Exemption 5 only that information which would reveal the Department's pre-decisional decisionmaking process.  OIP conducted a line-by-line review of these records and determined that some non-exempt, factual information within them could be segregated for release.  OIP only applied the deliberative process privilege to information consisting of pre-decisional, deliberative notes made by line attorneys during the course of adjudicating administrative appeals, for the purpose of informing decisions that would ultimately be made on those appeals.  Moreover, all of the information protected by OIP is independently protected by the attorney work-product privilege.  All reasonably segregable, nonexempt information from these records has been disclosed to plaintiff.

## Exemption 6

28.  Exemption 6 of the FOIA pertains to information the release of which would constitute a clearly unwarranted invasion of the personal privacy of individuals.  As stated above, plaintiff is challenging all of OIP's withholdings in the records released to plaintiff.  Among the exemptions applied by OIP is Exemption 6, to protect the identity of an FBI employee.

29.  In reaching a disclosure determination on the withholding of the FBI employee's name and contact information, OIP balanced the privacy interest of the FBI employee against any "FOIA public interest" in disclosing contact information for this individual.  In making this analysis, the FOIA public interest considered in the balance is limited to information which would shed light on the government's performance of its mission, while the

privacy interest considered takes into account whether a disclosure would invade the personal privacy of an individual (in this case, FBI personnel).

30.  In making the analysis between the two interests, the FOIA public interest considered is limited to information which would shed light on the Department's performance of its mission:  to enforce the law and defend the interests of the United States according to the law; to ensure public safety against threats foreign and domestic; to provide federal leadership in preventing and controlling crime; to seek just punishment for those guilty of unlawful behavior; and to ensure fair and impartial administration of justice for all Americans.[8]

31.  OIP withheld only the name and phone number for one FBI employee – an individual whose role entails serving as a point of contact for discussions between OIP attorneys and the FBI.  This individual is not in a high-level position, nor does he or she serve as denial or determination authority for FOIA matters.  In light of these factors, OIP determined that the FOIA public interest in release of this FBI employee's name is minimal.

32. On the other hand, OIP determined that a privacy interest exists for law enforcement agency contacts whose position invites scrutiny and the potential for harassment if known to the general public.  Considering the sensitive and often contentious nature of the work law enforcement personnel, and in particular FBI personnel, conduct, disclosure of their identities or contact information could seriously prejudice their effectiveness in conducting work to which they are assigned and subject them to unwarranted harassment.  Publicity about this individual's FBI employment may seriously prejudice the effectiveness of that employee's ability to conduct his or her work.  Their overall work-product would suffer, and they would be forced to balance

---

[8] See, e.g., www.justice.gov/about.

the unwanted harassment against the duties of their job.  Moreover, given the sensitivity of the

FBI's work and mission, identification of this individual as an FBI employee, and the access to

sensitive information afforded that position, risks this and other FBI employees being targeted by

those who would undermine the critical work conducted by the FBI on a daily basis.

33.   For these reasons, OIP determined that this individual has a privacy interest that

outweighs the relatively insignificant public interest in naming this individual, as discussed

above.  OIP balanced the FOIA public interest against the privacy interest of this individual, and

ultimately determined that there was de minimus public interest in knowing the name and contact

information of this FBI employee.  Even if any amount of public interest exists in knowing the

identity of this employee, their privacy interest outweighs that interest given the fact that

disclosure could seriously prejudice and hinder their effectiveness in conducting work and could

subject them to harassment and intimidation.  Accordingly, I have determined that the law

enforcement employee's privacy interest outweighs the dearth of public interest in the disclosure

of the name of this employee.

### Segregation of Non-Exempt Information

34.   In each instance where information was withheld from plaintiff pursuant to

Exemption 6, OIP determined that the individual's privacy interest was not outweighed by the

FOIA public interest in disclosure of that information.  Every effort has been made to release all

segregable information to plaintiffs without invading the privacy interest of the individual who

was mentioned in the records discussed above.  Only the name and contact information of this

individual was protected pursuant to Exemption 6.

### Explanation of Non-Responsive Records

35.   In OIP's final response letter dated March 7, 2018, OIP identified, and released to

plaintiff in part, a total of four pages responsive to plaintiff's initial FOIA request.  Plaintiff now challenges OIP's determination that certain records located by OIP in its search for records are not responsive to plaintiff's request to OIP ("OIP Request") – specifically, ten pages of DEA records and five pages of FBI records that were located within the appeal files for OIP Appeal Nos. DOJ-AP-2016-005483 and DOJ-AP-2016-005644.[9]

36.  Plaintiff's initial request to OIP sought "all records, including emails, memorializing or describing the processing of [plaintiff's] previous FOIA Appeal Nos. DOJ-AP-2016-005483 and DOJ-AP-2016-005644."[10]  Plaintiff's initial request further stated that records requested are limited to those created before November 9, 2016, and that the request excludes "any correspondence to or from any attorney representing [plaintiff]."

37.  An attorney on the Initial Request Staff searched for and located the appeals files that corresponded to plaintiff's request.  Included in the appeals files were:

- the Blitz Forms created by OIP's Administrative Appeals staff, which were processed and released to plaintiff in part;

- the initial requests made by plaintiff to DEA and FBI;

- the final response letters from DEA and FBI;

- correspondence with plaintiff's previous attorney; and

---

[9] Prior to OIP's final response letter, OIP, through counsel, told plaintiff's counsel that among the records being processed for this request were pages of records that would need to be referred to DEA, FBI, or the Department of State ("State") for processing.  As detailed herein, upon OIP's final review of those records, it was determined that those records were not responsive to the OIP Request.  It is worth noting that the one page that would have been referred to State was an attachment that plaintiff had submitted with his initial DEA and FBI requests.  The referral to State would not have been necessary if the initial requests were deemed responsive.

[10] As a noted above, the two FOIA appeals that are the subject Plaintiff's FOIA request to OIP are an initial request sent to DEA (DEA Request No. 16-00541-P) and an initial request sent to FBI (Request No. 1355450-000).

- source material from DEA and FBI that related specifically to the processing and searching for records responsive to plaintiff's initial DEA and FBI requests.[11]

38.  Plaintiff's initial FOIA request to OIP specifically sought all records that "memorialize or describe" the processing of two of plaintiff's previous FOIA *appeals*.  The initial request does not seek *all contents* located in connection with the appeals files.  Nor does it seek records detailing the processing of plaintiff's DEA and/or FBI *initial requests*.  The records that OIP determined to be non-responsive to plaintiff's OIP Request in no way memorialize or describe the processing of plaintiff's appeals, nor do they include any annotations or notes which do so.  These records pre-date the filing of plaintiff's OIP appeals.  Based on the clear, plain language of plaintiff's OIP request, DEA and FBI records describing those components' initial request processing cannot reasonably be construed to "memorialize or describe" OIP's processing of later-submitted FOIA appeals.

39.  While the records reflecting DEA and FBI processing would have been *relevant* to OIP's adjudication of plaintiff's appeals, plaintiff's OIP Request simply did not seek such a broad expanse of records.  Nor did it seek records that related to the processing of plaintiff's initial requests to DEA and FBI.  The processing of an initial request does not describe the processing of an appeal.  Such records are mutually exclusive and should not be construed to mean the same thing.

40.  OIP's "memorialization" or "descriptions" of the processing of a FOIA appeal is located solely within the Administrative Appeals staff's Blitz Forms.  Such forms, as previously described, are created by Administrative Appeals staff attorneys in the course of adjudicating an

---

[11] Per plaintiff's April 12, 2018 email with defendant's counsel, plaintiff is <u>not</u> challenging OIP's search, its responsiveness determinations on the initial requests, the final response letters issued from DEA and FBI, and the correspondence with plaintiff's previous attorney.

administrative appeal and determining the appropriateness of a component's adverse response to an initial request.  Thus, the Blitz Forms are precisely, and exclusively, the records sought by plaintiff via the OIP Request -- and these records have been appropriately processed and provided to plaintiff in response to that request.  While OIP does make efforts to interpret requests broadly or to seek clarification on a request's scope when a request's scope is unclear, that is not the case here.  Plaintiff cannot, long after submitting a very clear, focused request, now attempt to change the scope of that request.[12]

41.  OIP carefully reviewed all of the contents of the appeals files that were located in response to plaintiff's initial request.  OIP conducted a page-by-page review of these records and determined that the Blitz Forms were the only pages that described the processing of plaintiff's FOIA appeals.  The remaining records did not describe the processing of plaintiff's FOIA appeals.  Thus, they are not responsive to plaintiff's initial request to OIP, and all responsive, non-exempt records have been provided to plaintiff.

I declare under penalty of perjury that the foregoing is true and correct.

Vanessa R. Brinkmann

Executed this 25th day of April 2018.

---

[12] If plaintiff, however, now wants the records that are not responsive to the original OIP Request, the appropriate action to take would be for plaintiff to submit a new FOIA request for such records.